STATE OF _____ ) IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY )

J. ERIC GRAHAM and AMANDA GRAHAM ) CIVIL ACTION COVERSHEET
                   **Plaintiff(s)** )

                   ) 2017-CP-26-

           **vs.** )

                   )

RABONS HOUSING CENTER, LLC and )
CHAMPION HOME BUILDERS, INC. )
                  **Defendant(s)** )

| | |
|---|---|
| Submitted By: Maria L. Elias-Williams | SC Bar #: 8672 |
| Address: 4101 Main Street, P.O. Box 34 | Telephone #: 843 756 8187 |
| Loris, SC 29569 | Fax #: 843 756 8190 |
| | Other: |
| | E-mail: maria@sccoast.net |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
### *If Action is Judgment/Settlement do not complete*

x   JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
x   This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐   This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐   This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
x Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☐ Fraud/Bad Faith (150)
☐ Failure to Deliver/ Warranty (160)
☐ Employment Discrim (170)
☐ Employment (180)
☐ Other (199) _____

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___ -NI- _____
☐ Notice / File Med Mal (230)
☐ Other (299) _____

**Torts – Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399) _____

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499) _____

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599) _____

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899) _____

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799) _____

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999) _____

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699) _____
☐ Sexual Predator (510)
☐ Permanent Restraining Order (680)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-Suit Discovery (670)

Submitting Party Signature: _____    Date: 7 March 2017

EXHIBIT A

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT of COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | 2017-CP-26-_____ |
| | ) | |
| J. Eric Graham and | ) | |
| Amanda Graham, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| Rabons Housing Center, LLC and | ) | |
| Champion Home Builders, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at her office at 4101 Main Street, P.O. Box 34, Loris, South Carolina, 29569, within thirty (30) days after the service thereof, exclusive of the day of such service; and if you fail to appear and defend within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Maria L. Elias-Williams
**MARIA L. ELIAS-WILLIAMS, PA**
*Attorney for Plaintiff*
4101 Main Street
P.O. Box 34
Loris, SC 29569
TEL: (843) 756-8187
FAX: (843) 756-8190

7 March 2017
Loris, South Carolina

STATE OF SOUTH CAROLINA          )          IN THE COURT of COMMON PLEAS
                                 )          FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY                  )          2017-CP-26-_____

J. Eric Graham and               )
Amanda Graham,                   )
                                 )
            Plaintiffs,           )
                                 )
        vs.                      )          **COMPLAINT**
                                 )
Rabons Housing Center, LLC and   )
Champion Home Builders, Inc.      )
                                 )
            Defendants.           )
_____   )

Plaintiffs, complaining of Defendants, allege as follows:

1.    Plaintiffs are citizens and residents of Horry County, South Carolina; they are
      the owners of property that is the subject matter of this action.

2.    Defendant Rabons Housing Center, LLC ("Rabons") is, upon information and
      belief, an organization duly incorporated and existing under the laws of South
      Carolina with its principal place of business located in Horry County, South
      Carolina.

3.    Defendant Champion Home Builders, Inc. ("Champion") is, upon information
      and belief, an organization duly incorporated and existing under the laws of
      North Carolina doing business in Horry County, South Carolina.

4.    This dispute involves a mobile home sold, delivered and set up in Horry
      County, South Carolina at 1005 Airport Road, Loris, SC.

5.    This Court has jurisdiction over the parties and subject matter and venue is
      proper.

1

## FACTUAL ALLEGATIONS

6.     On or about 25 March 2014, Plaintiffs entered into an agreement (attached as Exhibit "A") with Defendant Rabons to purchase a new 2014, special order Champion mobile home for the sum of Ninety Five Thousand, Nine Hundred Ninety Five and 00/100 ($95,995.00) Dollars, which included Three Hundred and 00/100 ($300.00) Dollars sales tax.   Plaintiffs paid Forty-Eight Thousand and 00/100 ($48,000.00) Dollars as a down payment, leaving a balance of Forty-Seven Thousand, Nine Hundred Ninety-Five and 00/100 (47,995.00) Dollars.

7.     Upon information and belief, Defendant Champion manufactured the referenced home.

8.     Plaintiffs have experienced significant problems with the home.  The home was delivered and installed with numerous deficiencies that have not been remedied by either Defendant.  These include, but are not limited to, leakage damage that occurred during transportation to the site, failure to complete the paint, improper installation of air rails, crown molding (nails sticking out and holes in the walls), floor boards improperly installed (and protruding), failure to properly wire the home (leaving, among other issues, live wires and risk of significant electrical shock because the home was not grounded), failure to properly caulk all windows, cracks on door trims and framing, failure to properly seal/caulk sinks and tubs, and failure to properly install stone above the stove.  In addition, several appliances either do not work or do not work properly.

2

9.    Plaintiffs promptly notified Defendants of issues as they were discovered, both verbally and in writing.

10.   Although Defendants, individually or collectively, made some repairs to the home, the majority of the defects have not been addressed or were repaired inadequately.

11.   Upon information and belief, other purchasers of homes from Defendants have had similar experiences with poor quality construction and installation, and difficulty obtaining adequate repairs to their homes.

12.   As a result of the numerous defects with the home, and Defendants failure to adequately repair those defects, Plaintiffs' faith in their purchase has been justifiably shaken.

13.   Plaintiffs have had their home inspected by a professional home inspector who has confirmed the above listed defects.

14.   Plaintiffs are informed and believe that said defects were caused by faulty manufacturing and/or delivery and/or installation.  Plaintiffs are further informed and believe that some or all of these defects cause the home to fail to meet the manufactured building code of South Carolina.

15.   The numerous and unrepaired defects in the home materially impair the value of the home to Plaintiffs and any potential buyers.

16.   Plaintiffs have incurred and will continue to incur costs in their continued attempts to make the home habitable and safe and to repair defects.

17.   As a result of Defendants' actions, Plaintiffs have suffered the following incidental and consequential damages:  a reasonable sum for inconvenience,

3

time and expense for coordinating repairs; for being forced to live in a defective manufactured home; and for the time and expense in prosecuting this action.

18.    Plaintiffs are informed an believe they are entitled to judgment against Defendants for attorneys fees and costs incurred in this action.

### AS A FIRST CAUSE OF ACTION
*(Breach of Express Warranties)*

19.    Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

20.    Defendants informed Plaintiffs that the home was covered by a one year manufacturer's warranty.

21.    Defendants also made express warranties that the home was an "extremely well-built home" and that it was "energy efficient."

22.    Defendant also provided Plaintiffs with a copy of document entitled "Homeowner's Guide" with Champion logo on the front, only after the transaction. This document provides for a one year manufacturer's warranty on the home.

23.    Defendants breached their express warranty that the home was an "extremely well-built home" as Plaintiffs discovered numerous problems requiring repairs, as described herein, in such a short time after the purchase of the home, as well as numerous additional defects that they did not discover until they hired a home inspector.

24.    Defendants breached their express warranty that the home was "energy efficient" as it had large gaps and water leaks around the doors and improper

4

installation of windows and flashing, making it more difficult and expensive to adequately heat and cool the home.

25. Plaintiffs properly informed Defendants of each of these issues as they were discovered, and gave them the opportunity to cure the defects and make repairs.

26. Although Defendants made some repairs to the home, many of the defects have not been addressed or were repaired inadequately. Plaintiffs continue to discover defects.

27. Defendants breached their express warranties by their failure to adequately cure the defects to make the home as warranted, and/or repair the defects in the home under the manufacturer's dealer's warranty.

28. Plaintiffs are informed and believe they are entitled to an order canceling the contract for sale of the subject home and actual and consequential damages in an amount to be determined by the Court and the Jury.

29. In the alternative, Plaintiffs are informed and believe that they are entitled to actual damages and consequential damages in an amount to be determined by the Court and the Jury, but not less than $25,000.00 and an Order declaring the contract obligation void and unenforceable.

## AS A SECOND CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

30. Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

31. Upon information and belief, Defendants are merchants with respect to manufactured homes.

5

32. A warranty that the home was in merchantable condition was implied by law in the above-referenced transaction, pursuant to S.C. Code Section 36-2-314.

33. Due to the above-listed defects present in the home at the time of sale, the home was not in merchantable condition when sold or at any time thereafter and was not fit for the ordinary purpose for which a mobile home is used.

34. Defendants breach warranty of merchantability implied by law in the above-referenced transaction.

35. Plaintiffs are informed and believe they are entitled to an order canceling the contract for sale of the subject home and actual and consequential damages in an amount to be determined by the Court and the Jury.

36. In the alternative, Plaintiffs are informed and believe that they are entitled to actual damages and consequential damages in an amount to be determined by the Court and the Jury, but not less than $25,000.00 and an Order declaring the contract obligation void and unenforceable.

## AS A THIRD CAUSE OF ACTION
### (Breach of Contract)

37. Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

38. In connection with the above-referenced sale, Defendants agreed to be responsible for Delivery, Set-Up, Tie-Down, Water-Sewer Hook-Up, Electrical Hook-Up, Skirting, Decks, Permit Stickers, Tax Stickers and Installation of Central Heat and Air Conditioning.

39. Upon information and belief, the home was delivered by employees of Defendant Rabons, some of whom may not have been licensed.

6

40.     Delivery, Set-Up, Tie-Down, Water-Sewer Hook-Up, and Electrical Hook-Up, were either not performed or were not performed in an adequate manner.

41.     Plaintiffs are informed and believe that the home has been damages as a result of the poor workmanship of these services.

42.     The home has a number of defects, as outlined herein, which were either present and promised to be repaired at the time of the sale, or have manifested themselves since that time.

43.     These defects and damages have been caused by either manufacturing defects attributable to Champion or installation defects or other conduct attributable to Rabons.

44.     Plaintiffs advised Champion and/or Rabons of the above problems, or the conditions that caused the problems, within one year of the purchase date.

45.     Defendants have failed to claim responsibility for the above problems and to adequately address them through repair or replacement, either under express oral or written warranties or under implied warranties of merchantability and habitability.

46.     These defects materially impair the value of the home to the Plaintiffs and potential buyers.

47.     Defendants have breached their contract with Plaintiffs in that the home was not delivered and installed properly, by qualified personnel and was not made free from defects.

7

48. Plaintiffs suffered a loss as a direct and proximate result of Defendants' actions -- or failure to act - and are entitled to actual and consequential damages in an amount to be determined by the Court and the Jury.

## AS A FOURTH CAUSE OF ACTION
### (Breach of Contract accompanied by a Fraudulent Act)

49. Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

50. Defendants have breached the contract with Plaintiffs as outlined above.

51. Upon information and belief, the home was delivered by employees of Defendant Rabons, some of whom may not have been licensed. Rabons knew or should have known that its employees were not qualified to perform these services, but failed to inform Plaintiffs of this fact. Rabons represented to Plaintiffs that the home was properly and adequately installed.

52. After Plaintiffs discovered and notified Defendants of the defects in the home, Defendants sent employees or contractors to make repairs to some of those defects. In most cases, these repairs were poor and inadequate "patch jobs" and did not adequately correct those defects.

53. Defendants represented to Plaintiffs that the defects had been adequately repaired ad corrected, or that they would return to correct the repairs.

54. These representations were false, as the defects were not adequately repaired,

55. These representations were material.

56. Defendants knew the representations either were false or made such representations with a reckless regard of their truth or falsity.

57. Defendants intended for Plaintiffs to rely upon these representations.

8

58.    Plaintiffs were ignorant as to the falsity of Defendants' representations.

59.    Plaintiffs relied upon the truth of Defendants' representations.

60.    Plaintiffs had a right to rely upon the truth of Defendants' representations.

61.    As a direct and proximate result of Defendants' actions, Plaintiffs were

       damaged, thereby entitling Plaintiffs to actual, special, consequential and

       punitive damages for Defendants' actions to be determined by the Court and

       the Jury.

### AS A FIFTH CAUSE OF ACTION
*(Revocation of Acceptance)*

62.    Plaintiffs reallege each and every allegation set forth above, to the extent not

       inconsistent herewith, as if repeated verbatim herein.

63.    The non-conformity of the home resulting from the breached of warranty and

       contract described above substantially impaired its value to Plaintiffs.

64.    Plaintiffs accepted the home without knowledge of their non-conformities,

       which would have been difficult to discover before acceptance, or on the

       reasonable assumption that such non-conformities would be cured, and they

       have not been cured.

65.    Plaintiffs acceptance of the home was reasonably induced by both the

       difficulty of discovery before acceptance and by the assurances and warranties

       of Defendants.

66.    Plaintiffs notified Defendants that they would not accept the home

67.    Plaintiffs revoked their acceptance within a reasonable time after they

       discovered or should have discovered the grounds for it, and before any

       substantial change in the condition which was not caused by its own defects.

9

68.   Plaintiffs are informed and believe that they have a valid security interest in the home and that continued use is necessary to protect the collateral and their security interest.

69.   Defendants have refused to cancel the sale or to acknowledge the Plaintiffs' revocation of acceptance.

70.   Plaintiffs have allowed Defendants access to the home to make repairs subsequent to revocation of acceptance in order to protect and maintain the collateral. In doing so, they reiterated to Defendants that they were not withdrawing their revocation of acceptance.

71.   Rabons has refused to return the amount of the purchase price paid by Plaintiffs despite Plaintiffs' revocation of acceptance.

72.   Plaintiffs are informed and believe that they are entitled to an Order canceling the contract for sale of the subject home and actual damages in an amount to be determined by the Court and the Jury.

73.   As a result of the non-conformity of the goods and Defendants' refusal to abide by Plaintiffs' revocation of acceptance, Plaintiffs have suffered incidental and consequential damages as outlined herein above in an amount to be determined by the Court and the Jury.

## AS A SIXTH CAUSE OF ACTION
### (Fraud)

74.   Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

75.   In connection with the above-referenced sale, Rabons made the following representations:

    a.  That the home was "extremely well-built;'

    b.  That the home was "the best made mobile home" the Plaintiffs could buy;

    c.  That the home was energy efficient; and

    d.  That the home would be delivered and installed properly.

76. These representations were false, as the home was not delivered and installed properly. Plaintiffs discovered a number of defects in the home which were not adequately addressed and which significantly impair the value of the home and its energy efficiency.

77. These representations were material as Plaintiffs would not have purchased the home had they known of the defects.

78. Rabons knew the representations either were false or made such representations with a reckless regard of their truth or falsity.

79. Rabons intended Plaintiffs to act upon their salespersons representations to purchase the home.

80. Plaintiffs were ignorant as to the falsity of Rabons' representations, as they were not able to discover the defects during the review of the home prior to the purchase.

81. Plaintiffs relied upon the truth of Rabons' representations in purchasing the home.

82. Plaintiffs had a right to rely upon the truth of Rabons' representations as they were provided with express written and verbal warranties with regard to the quality of the home.

11

83.   As a direct and proximate result, Plaintiffs were damaged, thereby entitling Plaintiffs to actual and punitive damages hereunder in an amount to be determined by the Court and the Jury.

## AS A SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation)

84.   Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

85.   By and through their duly acting and appointed agents, Rabons made false representations, as outlined herein above, the Plaintiffs.

86.   Rabons had a pecuniary interest in making the statements.

87.   Rabons owed a duty of care to see that they communicated truthful information to Plaintiffs.

88.   Rabons breached that duty by failing to exercise due care.

89.   Plaintiffs justifiably relied on Rabons representations.

90.   Plaintiff suffered pecuniary loss as a proximate result of their reliance upon these representations.

91.   As a direct and proximate result, Plaintiffs were damaged, thereby entitling Plaintiffs to actual and punitive damages hereunder in an amount to be determined by the Court and the Jury.

## AS A EIGHTH CAUSE OF ACTION
### (Negligent Installation and Repair)

92.   Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

12

93. In connection with the above-referenced sale, Rabons agreed to be responsible for the Delivery and Set-Up, among others.

94. By entering into this contract, Rabons incurred a duty to perform the installation in a reasonable and workmanlike manner.

95. Additionally, both Defendants issued warranties to cover the home, under which they incurred a duty to perform repairs to defects in a reasonable manner.

96. By issuing the aforesaid warranties, Defendants incurred a duty to perform the repairs in a reasonable and workmanlike manner.

97. The home was delivered and installed by employees of Rabons. Plaintiffs believe that some or all of Rabons employees were either not licensed or unable to install or repair homes.

98. The Delivery and Installation services were either not performed or were not performed in an adequate manner.

99. Plaintiffs are informed and believe that the home has been damaged as a proximate result of the poor workmanship of these services.

100. Subsequent to the purchase, Plaintiffs notified Defendants of numerous defects, outlined herein, that were in need of repair under their warranties.

101. Defendants sent employees and/or contractors to make repairs to some, but not all, of these defects.

102. Plaintiffs are informed and believe that some or all of the repairs were of poor quality and done in a negligent manner.

13

103.   Plaintiffs are informed and believe that the home has been damaged as a
       proximate result of the poor quality of the repairs.

104.   As a direct result of the poor workmanship involved in the installation and
       repair of the home, Plaintiffs have suffered incidental and consequential
       damages as outlined herein in an amount to be determined by the Court and
       the Jury.

## AS A NINTH CAUSE OF ACTION
### (Negligent Supervision)

105.   Plaintiffs reallege each and every allegation set forth above, to the extent not
       inconsistent herewith, as if repeated verbatim herein.

106.   In connection with the above-referenced sale, Rabons agreed to be responsible
       for the Delivery and Set-Up, among others.

107.   By entering into this contract, Rabons incurred a duty to perform the
       installation in a reasonable and workmanlike manner.

108.   Additionally, both Defendants issued warranties to cover the home, under
       which they incurred a duty to perform repairs to defects in a reasonable
       manner.

109.   By issuing the aforesaid warranties, Defendants incurred a duty to perform the
       repairs in a reasonable and workmanlike manner.

110.   The home was delivered and installed by employees of Rabons. Plaintiffs
       believe that some or all of Rabons employees were either not licensed or
       unable to install or repair homes.

111.   The Delivery and Installation services were either not performed or were not
       performed in an adequate manner.

14

112.   Plaintiffs are informed and believe that Rabons failed to supervise their employees in a reasonable manner.

113.   Plaintiffs are informed and believe that the home has been damaged as a proximate result of Rabons inadequate supervision of its employees during the completion of these services.

114.   Subsequent to the purchase, Plaintiffs notified Defendants of numerous defects, outlined herein, that were in need of repair under their warranties.

115.   Defendants sent employees and/or contractors to make repairs to some, but not all, of these defects.

116.   Plaintiffs are informed and believe that Defendants failed to supervise their employees and/or contractors in a reasonable manner.

117.   Plaintiffs are informed and believe that the home has been damaged as a proximate result of Defendants inadequate supervision of its employees.

118.   As a direct result of the Defendants' inadequate supervision of their employees and/or contractors during installation and repair of the home, Plaintiffs have suffered incidental and consequential damages as outlined herein in an amount to be determined by the Court and the Jury.

### AS A TENTH CAUSE OF ACTION
#### (Magnuson-Moss Warranty Act)

119.   Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

120.   The home is a consumer product, as defined by Section 2301(1) of the Magnuson-Moss Warranty Act (15 USC Section 2301-2312, and was manufactured after 4 July 1975.

15

121.  Defendants are both warrantors as defined in Section 2301(5) of the Magnuson-Moss Warranty Act.

122.  Plaintiffs are consumers as defined by Section 2301(3) of the Magnuson-Moss Warranty Act.

123.  On information and believe, Defendants have no dispute resolution mechanisms which meet the requirements of 16 C.F.R Part 703, promulgated by the Federal Trade Commission (FTC) pursuant to Section 2310(1)(2) of the Magnuson-Moss Warranty Act.

124.  Plaintiffs gave Defendants a reasonable opportunity on several occasions to cure their failure to comply with their warranties, and they did not do so.

125.  Plaintiffs are informed and believe that they are entitled to an Order cancelling their contract for sale of the subject home, and actual and consequential damages in an amount to be determined by the Court and the Jury.

126.  In the alternative, Plaintiff are informed and believe that they are entitled to actual and consequential damages in an amount to be determined by the Court and the Jury, but not less than $25,000.00 and an Order declaring the contract obligation void and unenforceable.

127.  Plaintiffs are informed and believe that they are entitled to judgment against Defendants for attorneys fees and costs incurred in this action.

## AS A ELEVENTH CAUSE OF ACTION
### *(Breach of Implied Covenant of Good Faith and Fair Dealing)*

128.  Plaintiffs reallege each and every allegation set forth above, to the extent not inconsistent herewith, as if repeated verbatim herein.

16

129.    Defendants have breached their duty of good faith implied in the transaction

by S.C. Code Section 36-1-203 by (among others):

a.  Breaching the express and implied warranties described above;

b.  Misrepresenting the quality of the home to Plaintiffs;

c.  Responding to Plaintiffs; requests for repairs under the warrant with

silence, delays, and/or sub-standard repairs;

d.  Installing a home with numerous defects, such that is does not meet

manufactured building codes, of which Defendants knew or should have

known;

e.  Employing unqualified persons to deliver and install the home.

130.    Plaintiffs are informed and believe that they are entitled to an Order canceling

the contract for sale of the subject home and actual and consequential

damages in an amount to be determined by the Court and the Jury.

131.    In the alternative, Plaintiff are informed and believe that they are entitled to

actual and consequential damages in an amount to be determined by the Court

and the Jury, but not less than $25,000.00 and an Order declaring the contract

obligation void and unenforceable.

## AS A TWELFTH CAUSE OF ACTION
### *(Unfair Trade Practice)*

132.    Plaintiffs reallege each and every allegation set forth above, to the extent not

inconsistent herewith, as if repeated verbatim herein.

133.    By and through their duly acting and appointed agents, the actions and/or

omissions by Defendants constitute unfair and/or deceptive trade practices in

17

the conduct of trade/commerce, which are unlawful in the State of South

Carolina, as set forth by SC Code Section 39-5-20, et seq.

134.    The actions of Defendants affect the public interest because they are capable

of repetition in the deceiving and defrauding of other consumers of the public.

135.    The actions of Defendants are willful, within the definition and meaning of

SC Code Section 39-5-14, entitling Plaintiffs to treble their actual damages,

plus attorney's fees hereunder in an amount to be determined by the Court and

the citizens of Horry County empanelled and empowered to hear such case.

WHEREFORE, Plaintiffs prays for judgment against Defendants, jointly and

severally for relief as follow:

a.  Declare the contract canceled;

b.  Actual damages, doubled or trebled as permitted under the various statutory

claims, in an amount to be determined by the Court and the Jury.

c.  Incidental and consequential damages as outlined herein in an amount to be

determined by the Court and the Jury.

d.  Punitive damages in an amount to be determined by the Court and the citizens of

Horry County empanelled and empowered to hear such cause;

e.  Reasonable attorneys fees and Court costs; and

f.  For any other relief as the Court deems just and proper.

Maria L. Elias-Williams
**MARIA L. ELIAS-WILLIAMS, P.A.**
*Attorney for Plaintiffs*
4101 Main Street
P.O. Box 34
Loris, SC 29569
TEL: (843)756-8187/FAX: (843)756-8190

7 March 2017

18

1004 Highway 501 E · P.O. Box 437
Conway, South Carolina 29526
(843) 347-6500
Web: HomesPerfect4U.com

421-4711

BUYER(S): T. ERIC OR AMANDA F. Graham   PHONE 843-421-4710   DATE 3-25-14

ADDRESS 1005 AIRPORT RD   LORIS   SC   29569   SALESPERSON KICK M POSTON

DELIVERY ADDRESS Same

MAKE & MODEL CHAMPION   YEAR 2014   BEDROOMS 4   FLOOR SIZE 76 W 32   HITCH SIZE 80 W 32   STOCK NUMBER

SERIAL NUMBER SPECIAL ORDER   ☒ NEW   ☐ USED   COLOR GRAY / FLINT

- ☐ Dealer agrees to drop only.
- ☒ Dealer agrees to deliver, set-up, tie down, block per MF Manual.
- ☒ Dealer to remove wheels / axles at time of set-up.
- ☐ Dealer does not offer a warranty on Used Homes unless specified in this purchase agreement.
- ☒ Dealer will not be responsible for anything expressed verbally or otherwise unless contained on the face of this purchase agreement.
- ☐ Dealer accepts trade-ins, but owner must show proof of property taxes on unit being traded are paid prior to closing and all lot rents paid.
- ☒ All new homes have a 1 year warranty provided by manufacturer.

If home is a used or repossessed home: (Check One)
___ This home meets minimum habitability requirements.
___ This home is purchased for the purpose of repair only and not for habitation until the standards of minimum habitability are met.

If a new home, the manufacturer of this home (Check One)
☒ is in business.
___ is no longer in business.

**SALESPERSON INFORMATION**

NAME: Kick M Poston
Print Name

Kick M Poston
Signature

License Number: 35401

NOTE: WARRANTY AND EXCLUSIONS AND LIMITATIONS OF DAMAGES ON THE REVERSE SIDE.

| BASE PRICE OF UNIT | $93,695 00 |
| OPTIONAL EQUIPMENT | |
| COST OF PARTS AND SET-UP | |
| SUB-TOTAL $ | |
| SALES TAX | 300 |
| NON-TAXABLE ITEMS | |
| VARIOUS FEES AND INSURANCE | |
| 1. CASH PURCHASE PRICE | $95,995 00 |
| TRADE-IN ALLOWANCE $ | |
| LESS BAL. DUE on above $ | |
| NET ALLOWANCE $ | |
| CASH DOWN PAYMENT $48,000 00 |
| CASH as AGREED | |
| 2. LESS TOTAL CREDITS | |
| SALES TAX (If Not Included Above) | |
| 3. Unpaid Balance of Cash Sale Price | $47,995 0 |

WORKSHEET: THIS IS NOT PART OF BUYER'S AGREEMENT, ALL FIGURES ARE ESTIMATES; THEY DO NOT CONSTITUTE AN AGREEMENT FOR CREDIT.

A. OTHER CHARGES
- VSI or PMI ........................... $ _____
- Insurance on Commodity ........ $ _____
- Credit Life Insurance ............. $ _____
- Credit Accident & Health ........ $ _____
- Taxes (Not incl. above) .......... $ _____
- License Fees ....................... $ _____
- Title Fees .......................... $ _____
- Registration Fees ................. $ _____
  (TOTAL) $ _____

B. UNPAID BALANCE-AMOUNT FINANCED
The amount of credit provided to Buyer or on Buyer's behalf. (3+A)

ANNUAL PERCENTAGE RATE _____ %
The cost of Buyer's credit as a yearly rate.

C. FINANCE CHARGE
The dollar amount the credit will cost Buyer. $ _____

D. TOTAL OF PAYMENTS
The amount Buyer will have paid when Buyer has made all the scheduled payments. (B+C) $ _____

E. TOTAL SALE PRICE
The total cost of Buyer's purchase on credit, including Buyer's down payment of $ _____
(1+A+C)
Payable in _____ monthly installments of $ _____ each and one final installment of $ _____

DESCRIPTION OF TRADE-IN   YEAR   SIZE

| MAKE | | MODEL | | BEDROOMS |
| TITLE NO. | | SERIAL NO. | | COLOR |

AMOUNT OWING TO WHOM

ANY DEBT BUYER OWES ON TRADE-IN IS TO BE PAID BY   ☐ DEALER   ☐ BUYER

Dealer and Buyer certify that the additional terms and conditions printed on the other side of this Agreement are agreed to as a part of this Agreement, the same as if printed above the signatures. Buyer is purchasing the above described manufactured home; the optional equipment and accessories, the insurance as described has been voluntary; that Buyer's trade-in is free from all claims whatsoever, except as noted.

RABON'S HOUSING CENTER, LLC   DEALER

Not Valid Unless Signed and Accepted by an Officer of the Company, or an Authorized Agent

By Kick M Poston   Approved

SIGNED X _____ BUYER
SOCIAL SECURITY NO. _____
SIGNED X _____ BUYER
SOCIAL SECURITY NO. _____

A PLAIN LANGUAGE PURCHASE AGREEMENT   Rev 08/09

FORM C100SC. 1®

# CHAMPION 

### Customer Verification List
Unit:

## 32X80 4BDRM 2 BATH W/PORCH

| | | |
|---|---|---|
| **Order No.:** QT057512 Rev 11 | **Orde Type:** Retail | **Bill To:** 1191SC | **Sell To:** 1191SC |
| **Model Year:** 2014 | **Ret. Cust.:** GRAHAM | Rabons Housing Center | Rabons Housing Center |
| **Retailer P.O.:** | **Energy Zone:** | Rabons Housing Center | Rabons Housing Center |
| **Floor Size:** 76'0" X 30'4" | **Wind Zone:** | 1094 Hwy 501 East | 1094 Hwy 501 East |
| **Brand:** DUTCH HOUSING | **Roof Load:** | Conway, SC 29526 | Conway, SC 29526 |
| **Model No.:** DH-3975 | **Sales Person:** Ronnie Womack | | |
| | **Construction Type:** HUD | | Page : 1 of 3 |

**Shipping Agent:**                          **Shipping County:**   HORRY

| Feature | Option | Variant | Description | Quantity |
|---|---|---|---|---|
| | | | **Construction** | |
| WINDZONE | DP0000014 | | WIND ZONE II 61' TO 76' BOX | 1 |
| | *- INCLUDES OSB SIDING BACKER W/ HOUSE WRAP* | | | |
| INTWALL | OP0001766 | | 2X4'S 16" OC INTERIOR WALLS | 1 |
| | | | **Plumbing/Heating** | |
| HEATSYS | DP000120 | | 17KW ELECTRIC FURNACE | 1 |
| REGISTER | DP000114 | | PREMITER HEAT REGISTERS | 1 |
| WH | DP000128 | | 50 GL ELECTIC WTR HTR ILO 40GL | 1 |
| SHUTOFFS | DP000168 | | CUTOFF VALVES PER SINK | 4 |
| FAUCET | DP0000380 | | FRONT & REAR EXTERIOR FAUCET | 2 |
| | *3 - TOTAL* | | | |
| | | | **Electrical** | |
| MAINPANEL | DP0009455 | | 40 SPACE MAIN PANEL ILO STD | 1 |
| PHONEJACKS | OP0000036 | | TV/PHONE & COMPUTER STATION | 1 |
| | *- OVER FIREPLACE (INTERIOR)* | | | |
| EXT LIGHTS | OP0003269 | | 2 FLOOD LIGHTS | 2 |
| | *ALL FOUR CORNERS* | | | |
| OTHER | DP00000488 | | EXTERIOR GFI RECEPT EXTRA | 4 |
| | *EXTERIOR (4)* | | | |
| OTHER | OP0000487 | | EXTERIOR RECEPTICAL | 3 |
| | *Master bath see print  hall bath cross wall* | | | |
| | | | **Exterior** | |
| FRONTDOOR | DP0000039 | | RH 34X76 STEEL DOOR W/STORM | 1 |
| SIDEDOOR | DP000166 | | LH 34X76 STEEL DR ILO COTTAGE | 1 |
| SHINGLES | DP0000042 | Dual Black | 20 YEAR FIBERGLASS SHINGLES | 78 |
| SHUTTERS | DP000198 | Blue | RAISED PNL SHUTTERS ILO TRIM | 5 |
| SIDING | DP0000045 | Flint | D-5 STD VINYL SIDING REV1 | 1 |
| WINDOWSUP | DP000163 | | 30"X8" VINYLTRANSOM WINDOW Z1 | 4 |
| OTHER | OP0003105 | | SCR ITEM | 395 |
| | *ut llo window rds—organizer hall* | | | |
| | | | **Cabinets** | |
| THROUGHOUT | DP000333-02 | | COFFEE CHERRY RAISED ILO MDF | 1 |
| OTHER | DP000208 | | CERAMIC EDGING T/O | 1 |
| OTHER | DP000209 | | CERAMIC BACKSPLASH T/O | 1 |
| OTHER | OP0003105 | | SCR ITEM | 1,295 |
| | *outside wet bar millano brown with formica edging* | | | |
| | | | **Kitchen** | |
| CTRTOP | DP000227 | Milano Brown | KITCHEN FORMICA | 1 |
| BCKSPL | DP000187 | Pietre Bianca | CERAMIC  BCKSPL KITCHEN | 1 |
| EDGE | DP000222 | Pietre Bianca | CERAMIC EDGING KITCHEN | 1 |

# CHAMPION.

**Customer Verification List**

Unit:

## 32X80 4BDRM 2 BATH W/PORCH

| | |
|---|---|
| Order No.: QT057512 Rev 11 | Orde: Type: Retail |
| Model Year: 2014 | Ret. Cust.: GRAHAM |
| Retailer P.O.: | Energy Zone: |
| Floor Size: 76'0" X 30'4" | Wind Zone: |
| Brand: DUTCH HOUSING | Roof Load: |
| Model No.: DH-3975 | Sales Person: Ronnie Womack |
| | Construction Type: HUD |

Bill To:  1191SC
Rabons Housing Center
Rabons Housing Center
1094 Hwy 501 East
Conway, SC 29526

Sell To:  1191SC
Rabons Housing Center
Rabons Housing Center
1094 Hwy 501 East
Conway, SC 29526

Page : 2 of 3

Shipping Agent:                    Shipping County:    HORRY

| Feature | Option | Variant | Description | Quantity |
|---|---|---|---|---|
| SINK | DP000152 | | 33X19 S S SINK W/SL FAUCET | 1 |
| OTHER | DP000189 | Canyon Wall Mesquite | STONE ISLAND SURROUND | 1 |
| | | | **Master Bath** | |
| CTRTOP | DP000226 | Milano Brown | MASTER BATH FORMICA | 1 |
| BCKSPL | DP000186 | Black | CERAMIC BACKSPLASH BATH | 1 |
| EDGE | DP000223 | Black | CERAMIC EDGING BATH | 1 |
| OTHER | OP003105 | | SCR ITEM | 225 |
| | *STONE TUB* | | | |
| | | | **Hall Bath** | |
| CTRTOP | DP000224 | Milano Brown | HALL BATH FORMICA | 1 |
| BCKSPL | DP000185 | Black | CERAMIC BCKSPL HALL BATH | 1 |
| EDGE | DP000221 | Black | CERAMIC EDGING BATH | 1 |
| | | | **Interior** | |
| DECOR | DP0000064 | Mocha | DUTCH VALANCES & RODS PER PLAN | 1 |
| FIREPLACE | DP000211 | | WOOD BURNING FIREPLACE | 2 |
| | *OUTSIDE RAISED HEARTH —corner lr* | | | |
| FIREPLACE | OP00099866 | Canyon Wall Mesquite | 1/2 ROCK FIREPLACE FRONT | 2 |
| OTHER | OP0003105 | | SCR ITEM | 495 |
| | *EXTRA FOR OUT DOOR—* | | | |
| | | | **Drywall** | |
| THROUGHOUT | DP000184-7076 | | CAPE FEAR PKG OVER 70' BOX | 1 |
| | *- CAPE FEAR DRYWALL T/O (EXC CLOSETS & UTILITY - UNLESS OTHERWISE NOTED)* | | | |
| | *- COLO water chesnut* | | | |
| | *- CAPE FEAR MOLDING PACKAGE (SEE TRIM)* | | | |
| | *- VINYL WINDOWS* | | | |
| | *- CERAMIC BACKSPLASH IN KITCHEN & BATHS (NOTE UNDER ROOMS)* | | | |
| | *- FLOOR MOUNTED DOOR STOPS T/O* | | | |
| | | | **Floor Covering** | |
| CARPET | DP000136 | Harbour Mist | 16' CLEARVIEW SOLIDS ILO STD | 101 |
| | *carpet mbr  closetc* | | | |
| LINO | DP000033 | DF9490 | 16' WIDE DIAMOND FLOOR TILE | 51 |
| | *9503 hall -ut-  hall hall bath see print* | | | |
| ENTRY | DP0000109 | DF9503 | DIAMOND FLOOR ENTRY TILE | 1 |
| OTHER | DP000274 | | INSTALL CARPET BAR PER HOUSE | 1 |
| OTHER | OP0003105 | | SCR ITEM | 150 |
| | *carpet mbr  closetc* | | | |
| | | | **Trim/Moulding** | |
| OTHER | DP000337 | White | TRIM COLOR | 1 |
| OTHER | DP000340 | Perfect White | UPGRADE TRIM PKG T/O > 60' | 1 |
| | *3-1/2" PW CROWN T/O EXCEPT CLOSETS, 2 ' PW DOOR TRIM T/O EXCEPT CLOSETS* | | | |



# CHAMPION

**Customer Verification List**
Unit:

## 32X80 4BDRM 4 W/PORCH

**32X80 4BDRM 2 BATH W/PORCH**

| | | | | |
|---|---|---|---|---|
| Order No.: | QT057512 Rev 11 | Order Type: | Retail | Bill To:   1191SC |
| Model Year: | 2014 | Ret. Cust.: | GRAHAM | Rabons Housing Center |
| Retailer P.O.: | | Energy Zone: | | Rabons Housing Center |
| Floor Size: | 76'0" X 30'4" | Wind Zone: | | 1094 Hwy 501 East |
| Brand: | DUTCH HOUSING | Roof Load: | | Conway, SC 29526 |
| Model No.: | DH-3975 | Sales Person:  Ronnie Womack | | |
| | | Construction Type:  HUD | | |

Sell To:   1191SC
Rabons Housing Center
Rabons Housing Center
1094 Hwy 501 East
Conway, SC 29526

Page : 3 of 3

**Shipping Agent:**                          **Shipping County:**   HORRY

| Feature | Option | Variant | Description | Quantity |
|---|---|---|---|---|
| | | *1-3/4" BASE IN WET AREAS, 1-3/4" CROWN & DOOR TRIM IN CLOSETS* | | |

### Appliances

| Feature | Option | Variant | Description | Quantity |
|---|---|---|---|---|
| RNGHOOD | DP000124 | Canyon Wall Mesquite | STONE RANGE HOOD | 1 |
| OTHER | DP000233 | Black | DUTCH APPLIANCE PKG # 2 | 1 |
| | | *INCLUDES: GLASS TOP RANGE, POT SCRUBER DISHWASHER* | | |
| | | *22 CUBIC FOOT SIDE X SIDE REFRIGERATOR W/ICE* | | |
| OTHER | OP0003105 | | SCR ITEM | 895 |
| | | *STONE TRANGE HOOD* | | |

Requested By:   Robert Lee Rabon/TROY              SIGNED X                    DATE   3/25/14

March 25, 2014  4:21:51 PM

# RABONS HOUSING CENTER
## 1094 HWY 501 E
## CONWAY, SC 29526
### (843)347-6500
### (843)347-6898

PER CONTRACT BETWEEN ERIC GRAHAM AND RHC

TOTAL CHARGED

| | | |
|---|---|---|
| SKIRTING | 1000.00 | SEE COPY ATTACHED |
| DECKS | 800.00 | |
| A/C | 3000.00 | |
| WATER, SEWER, ELECTRIC | 1250.00 | |
| TOTAL CHARGED | 6050.00 | |

TOTAL PAID TO CONTRACTOR

| | | |
|---|---|---|
| WATER, SEWER, ELECTRIC | 1746.00 | PAID 4-25-14 |
| HEAT PUMP 4 TON NOT A/C | 2800.00 | SEE COPY ATTACHED |
| | 4546.00 | SEE COPY ATTACHED |

| | |
|---|---|
| CREDITS | 6050.00 |
| DEBITS | 4546.00 |

| | |
|---|---|
| OWED TO CUSTOMER | 1504.00 |